**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny Viray NAZARENO,**
**Defendant–Appellant.**

No. 07–10064.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 2, 2007.

Camil A. Skipper, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Alexandra Paradis Negin, Esq., Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Danny Viray Nazareno appeals the denial of his motion to suppress evidence of counterfeiting found during a parole search of his girlfriend's apartment. He contends that the searching officers did not have probable cause to believe that he lived in the apartment. He also argues that the fruits of the search should be suppressed because the officers did not know that he was on searchable parole at the time of the search and lacked a reasonable suspicion of wrongdoing. We reject both arguments and affirm.

■ As found by the district court, the mother of Nazareno's girlfriend and the manager of the searched apartment both told the officers that Nazareno, or a

man resembling Nazareno, "stayed" in the apartment. The district court's decision to credit the statement of one officer and discount the statements of other witnesses was not clearly erroneous. *See United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996). Those statements, in the context of the full record, gave the officers probable cause to believe that Nazareno lived in the searched apartment as required by *Motley v. Parks,* 432 F.3d 1072, 1080 (9th Cir.2005) (en banc), and *United States v. Howard,* 447 F.3d 1257, 1262 (9th Cir.2006).

■ Prior to the search, the officers learned that Nazareno was on parole. This information allowed the officers to conduct a suspicionless search of the apartment. *See Moreno v. Baca,* 431 F.3d 633, 638 (9th Cir.2005) and *Samson v. California,* 547 U.S. 843, 126 S.Ct. 2193, 2196, 165 L.Ed.2d 250 (2006). In any event, the search was also supported by reasonable suspicion. The officers had photographic evidence linking Nazareno to the theft of consumer electronics, which were likely to be present in his apartment. They therefore had "a particularized and objective basis" for suspecting that a search of Nazareno's apartment would reveal evidence of a crime. *United States v. Morales,* 252 F.3d 1070, 1073 (9th Cir. 2001) (quoting *United States v. Thomas,* 211 F.3d 1186, 1189 (9th Cir.2000)).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.